UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS KING BRASHEAR,<br><br>    Petitioner,<br><br> v.<br><br>ROBERT LUNA,<br><br>    Respondent. | Case No. CV 24-06682 WLH (RAO)<br><br>**ORDER DISMISSING ACTION** |

**I. INTRODUCTION**

On July 10, 2024, Demetrius King Brashear ("Petitioner"), a state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1 ("Pet.").) The Petition states that Petitioner was sentenced in Los Angeles County Superior Court on September 20, 2023. (Pet. at 2.)[2] Attached to the Petition are documents related to

---

[1] Under the "mailbox rule," when a *pro se* petitioner gives prison or jail authorities a pleading to mail to court, the court deems the pleading constructively filed on the date it is signed. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, the Petition was filed in this Court on August 2, 2024.

[2] The Court refers to the Petition by using the page numbers assigned by the CM-ECF system.

1  that criminal case, which underlies this Petition, and Petitioner's medical records.
2  (Pet. at 16-83.) As grounds for relief, Petitioner alleges that he was denied his
3  mental health medication for a lengthy period of time while incarcerated at a
4  California state prison, the jury in his criminal case was tainted, his appearance at
5  trial was defamatory, and he was denied access to the law library. (Pet. at 13-14.)
6      Because Petitioner's criminal appeal is pending before the California State
7  Court of Appeal, the Court must abstain under *Younger v. Harris*, 401 U.S. 37
8  (1971), and dismiss the Petition without prejudice.
9  **II.    DISCUSSION**
10      Federal courts must abstain from interfering in pending state proceedings
11  absent extraordinary circumstances that create a threat of irreparable injury.
12  *Younger*, 401 U.S. at 45–46. Abstention under *Younger* is warranted where the
13  state proceedings (1) are ongoing; (2) implicate important state interests; and (3)
14  provide an adequate opportunity to litigate the petitioner's federal constitutional
15  claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,
16  432 (1982); *Dubinka v. Judges of Super. Ct. of State of Cal.*, 23 F.3d 218, 223 (9th
17  Cir. 1994). A petitioner may avoid *Younger* abstention by demonstrating the
18  presence of bad faith, harassment, or some other extraordinary circumstance
19  resulting in irreparable injury. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).
20      First, this Court takes judicial notice of the publicly available state court
21  records[3] showing that Petitioner's appeal before the state appellate court remains
22  pending. *See Docket (Register of Actions)*, Appellate Courts Case Information: 2nd
23  Appellate District (last visited Aug. 13, 2024)
24  https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=29
25  01536&doc_no=B334538&request_token=NiIwLSEnXkw3WyBFSCNNWEtIME

---

27  [3] *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir.
28  2012) (holding a district court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

w6USxXICNeUzlRMCAgCg%3D%3D.  The pendency of the matter before the state court weighs in favor of abstention.  *See Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) (stating that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after a judgment has been appealed from, and the case has been concluded in state courts).

Second, the state court proceedings implicate important state interests, particularly the State of California's interest in the order and integrity of its criminal proceedings.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  Accordingly, the second *Younger* factor weighs in favor of abstention.

Third, Petitioner has an adequate opportunity to raise any federal habeas claims in his pending state court appeal.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (finding that a federal court should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").  Therefore, the final *Younger* factor also weighs in favor of abstention.

Finally, Petitioner has not alleged facts showing bad faith, harassment, extraordinary circumstances, or irreparable injury.  Because all three criteria for *Younger* abstention apply and there is no compelling reason for federal intervention at this time, the Court abstains from interfering with Petitioner's pending state court proceedings.  *See Middlesex Cty.*, 457 U.S. at 435.

///

///

///

///

### III. CONCLUSION

IT IS ORDERED that the Petition is dismissed without prejudice. All pending motions are denied as moot.

DATED: August 28, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE